NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LESLIE J. CONTI,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1403

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-01732-TMD, Judge Thompson M. Dietz.

---

Decided: September 6, 2024

---

LESLIE J. CONTI, San Antonio, TX, pro se.

DANIEL HOFFMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY.

---

Before TARANTO, HUGHES, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Leslie J. Conti retired from the Texas Air National Guard effective May 2018 at the rank and grade of E-6 (technical sergeant). After her retirement, she asked the Air Force Board for Correction of Military Records (Board) to award her a retroactive promotion to the rank and grade of E-7 (master sergeant), with associated back pay and other benefits. The Board denied the request. When Ms. Conti sued the United States in the United States Court of Federal Claims (Claims Court) to challenge the Board's decision, the Claims Court dismissed the complaint, under Court of Federal Claims Rule (RCFC) 12(b)(6), for failure to state a claim upon which relief can be granted. *Conti v. United States*, 168 Fed. Cl. 547 (2023) (*Decision*). On Ms. Conti's appeal, of which we have jurisdiction under 28 U.S.C. § 1295(a)(3), we affirm.

I

A

This appeal presents the following alleged facts as asserted in Ms. Conti's complaint at the Claims Court. First Amended Complaint, *Conti v. United States*, 168 Fed. Cl. 547 (2023) (No. 20-cv-01732), ECF No. 31 (*Complaint*). In July 2004, Ms. Conti enlisted in the Texas Air National Guard and as a reserve member of the United States Air Force. *Id.* at 6 ¶ 21. In May 2005, as part of that service, she entered a program called Active Duty for Special Work (later called Active Duty for Operational Support) and remained in that program until she retired in May 2018. *Id.* at 6 ¶¶ 22–23. Ms. Conti initially had the rank and grade of E-5 (staff sergeant), but in September 2008, she was promoted to the rank and grade of E-6 (technical sergeant). *Id.* at 6 ¶¶ 22, 25.

In January 2012, as part of a systemic restructuring decision, the highest grade authorized for an occupant of the duty position in which Ms. Conti was serving—the

"authorized grade"—was lowered from E-6 to E-5. *Id.* at 6–7 ¶¶ 27–28; *see also* SAppx1 ("Normally, the authorized grade is the highest grade that can be held by the incumbent of the position.").[1] That change left Ms. Conti (an E-6) in "overgrade" status, *i.e.*, she had a higher grade than the highest grade authorized for her position. *Complaint*, at 7 ¶ 28; *see also* Air National Guard Instruction (ANGI) 36-2101, *Assignments within the Air National Guard (ANG)* (Apr. 10, 2012, superseding ANGI 36-2101 (June 11, 2004)) (defining "[o]vergrade" as "[a] personnel assignment condition where an individual's grade is greater than the authorized grade indicated for the UMD position to which assigned"); SAppx16.

Ms. Conti's overgrade status rendered her ineligible for promotion (as relevant here, from E-6 to E-7).[2] *Complaint*, at 7 ¶ 28; *see also* ANGI 36-2502 ¶ 2.1.2.2, *Promotion of Airmen* (June 17, 2010); SAppx25; Air Force Instruction (AFI) 36-2502 ¶ 10.1.15.3, *Enlisted Airman Promotion/Demotion Programs* (Dec. 12, 2014); Appx24.[3] During the period at issue, Ms. Conti discovered eight positions (with authorized grades of at least E-6) to which she could have been moved to cure her overgrade status. *Complaint*, at 11 ¶ 48. She also learned of an E-7 member, from outside Texas, who had been hired into a Texas Air National Guard position to which Ms. Conti had not been reassigned. *Id.* at 13–14 ¶ 63.

---

[1]   "SAppx" refers to the supplemental appendix filed by the United States in this court with its brief as appellee.

[2]   The United States maintains that, for substantial portions of the period at issue, there were also other reasons Ms. Conti was ineligible for promotion. United States Response Br. at 7.

[3]   "Appx" refers to Ms. Conti's appendix filed in this court with her opening brief.

Ultimately, in May 2018, Ms. Conti retired at the rank and grade of E-6. *Id.* at 12–13 ¶ 57.

## B

In October 2018, Ms. Conti filed an application with the Board for retroactive promotion to the rank and grade of E-7, correction of her records to reflect that promotion, and award of the back pay and benefits associated with such a retroactive promotion. SAppx69. Ms. Conti argued that the governing regulation—the ANGI 36-2101 instruction—required the Air National Guard to eliminate her overgrade status by reassigning her "to the first available position commensurate with [her] grade and qualifications" and that, given the availability of other positions, the Air National Guard violated that instruction by failing to do so. *Complaint*, at 13 ¶¶ 59–60. Had the Air National Guard followed that instruction, Ms. Conti argued, she "would have been both eligible and qualified to promote" to an E-7 grade. *Id.* at 13 ¶ 61.

The Board initially denied Ms. Conti's request, SAppx80–82, and Ms. Conti challenged the Board's decision by filing a complaint at the Claims Court under the Military Pay Act, 37 U.S.C. § 204, *see* SAppx84. On the government's unopposed request, the Claims Court remanded the matter to the Board for redetermination. SAppx85–87. On remand, the Board again denied Ms. Conti's request. SAppx69–78.

The Board found that Ms. Conti had shown "an error and injustice" regarding the government's handling of her overgrade status. SAppx75. But the Board also found insufficient proof of an adverse effect on promotion eligibility. In particular, the Board reasoned, the relevant military "unit's responsibility to correct the applicant's overgrade condition by reassigning her to a position commensurate with her [E-6] grade and for which she was qualified would have been met by placing her in a technical sergeant (E-6) billet [position]," which "would have corrected the

overgrade condition, but the applicant would still not have been eligible for promotion to the rank and grade of master sergeant (E-7)." SAppx76. Ultimately, the Board ruled that Ms. Conti's "contention that correction of her overgrade condition would have resulted in her promotion to be wholly speculative," concluding that "a preponderance of the evidence does not substantiate [her] position with regard to her promotion to the rank and grade of master sergeant (E-7)." SAppx77.

On review of the Board's decision, the Claims Court held that it had jurisdiction, *Decision*, at 555, but dismissed Ms. Conti's complaint for failure to state a claim under RCFC 12(b)(6), *Decision*, at 555–59. Noting that "civilian courts are reluctant to second-guess decisions of the military authorities as to promotion, separation, or reassignment," *id.* at 556 (quoting *Antonellis v. United States*, 723 F.3d 1328, 1332 (Fed. Cir. 2013) (collecting cases)), the Claims Court, applying the standards governing a motion under RCFC 12(b)(6), determined that the instructions Ms. Conti pointed to and the facts she alleged did not give rise to the necessary inference of "a clear-cut entitlement to a promotion that the Air Force has failed to recognize," *id.* at 559. As a result, the Claims Court ruled, Ms. Conti could not obtain relief in this case and dismissal was required. *Id.*

Ms. Conti then filed this timely appeal. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

We review the Claims Court's decision to dismiss under RCFC 12(b)(6) without deference, taking all plausible factual allegations in the complaint as true and construing those factual allegations in the light most favorable to the non-movant. *Oliva v. United States*, 961 F.3d 1359, 1362 (Fed. Cir. 2020). Dismissal for failure to state a claim under RCFC 12(b)(6) "is appropriate when the court determines that the facts as asserted do not entitle the claimant

to a legal remedy." *Godwin v. United States*, 338 F.3d 1374, 1377 (Fed. Cir. 2003).

"As a general matter, a service member is entitled only to the salary of the rank to which he is appointed and in which he serves," and "[f]or that reason, in a challenge to a decision not to promote, the Military Pay Act ordinarily does not give rise to a right to the pay of the higher rank for which the plaintiff was not selected." *Smith v. Secretary of Army*, 384 F.3d 1288, 1294 (Fed. Cir. 2004) (collecting cases); *see also Antonellis*, 723 F.3d at 1332 ("[C]ivilian courts are reluctant to second-guess decisions of the military authorities as to promotion, separation, or reassignment."); *Skinner v. United States*, 594 F.2d 824, 830 (Ct. Cl. 1979). There is an exception, however, to that general rule "in the unusual case in which, on the plaintiff's legal theory, 'there is a clear-cut legal entitlement' to the promotion in question, i.e., he has satisfied all the legal requirements for promotion, but the military has refused to recognize his status." *Smith*, 384 F.3d at 1294–95 (citation omitted) (quoting *Skinner*, 594 F.2d at 830 ("We can award a person pay above the position he occupied only if there is a clear-cut, legal entitlement to it. Such cases are rare.")) (collecting cases). Here, we must affirm the dismissal of Ms. Conti's complaint because it does not allege facts supporting an inference of a "clear-cut legal entitlement" to a retroactive promotion from the E-6 grade (at which, during the relevant period, she served and eventually retired) to the rank and grade of E-7.

Ms. Conti points to a number of directives and instructions that, she asserts, provide for a clear-cut legal entitlement to a promotion in light of the Texas Air National Guard's failure to eliminate her overgrade status via reassignment to one of the then-available positions identified in the complaint: Department of Defense Directive (DoDD) 1304.20 (July 28, 2005); Air Force Policy Directive (AFPD) 36-25, *Military Promotion and Demotion* (May 7, 2014); AFI 36-2502; and ANGI 36-2502. Conti Informal Br. at 2–

6; *see also* Appx15–17 (DoDD 1304.20); Appx18–19 (AFPD 36-25); Appx20–27 (AFI 36-2502); Appx28–32 (ANGI 36-2502). But those directives and instructions state goals and objectives of the Air National Guard promotion system generally, often in highly discretionary or circumstance-dependent terms. They do not articulate the clear-cut legal entitlement needed by Ms. Conti to support judicial relief from denial of her retroactive-promotion request.

DoDD 1304.20, for example, states that the Air National Guard "shall define desired promotion timing objectives for grades E-5 through E-7. In normal years the average experience at promotion shall be within 1 year (above or below) the desired promotion timing," with a goal of providing "visible, relatively stable career progression opportunities over the long term." DoDD 1304.20 ¶¶ 4.1.4, 4.2.2; Appx16. That directive sets out general career progression goals for the work force as a whole; it does not establish specific legal entitlements for promotion from any particular position.

In similar terms, AFPD 36-25 states that the Air Force and Air Force Reserve components will "[s]elect Airmen for promotion based on potential to serve in the next higher grade" and "using the fully qualified or best qualified concept." AFPD ¶ 3.1; Appx19. That statement clearly incorporates considerable discretion; we have said before that "[c]ourts are in no position to determine the 'best qualified Officer' or the 'best match' for a particular billet." *Antonellis*, 723 F.3d at 1336; *see also Sargisson v. United States*, 913 F.2d 918, 922 (Fed. Cir. 1990) ("A court lacks the special expertise needed to review reserve officers' records and rank them on the basis of relative merit."). AFI 36-2502 and ANGI 36-2502 are relevantly similar. They articulate general personnel and workforce progression objectives—requiring commanders to "ensure their personnel meet all promotion criteria . . . prior to promotion" and to "execute a well-conceived, viable personnel force management to equitably distribute the progressive development and

upward mobility of their assigned personnel," AFI 36-2502 ¶ 10.1.11; Appx23; ANGI 36-2502 ¶ 1.1.4 (similar); Appx29—while also stating that the decision to recommend for any particular promotion is left to a commander's discretion, *see* AFI 36-2502 ¶ 10.1.11.1; Appx23; ANGI 36-2502 ¶ 1.4.2 (similar); Appx30.

At best, the directives and instructions Ms. Conti cites suggest that, but for the Air National Guard's failure to eliminate her overgrade status by reassigning her, one serious obstacle to her promotion eligibility would have been eliminated. *See* ANGI 36-2101 ¶ 2.18.11; Appx36; ANGI 36-2502 ¶ 2.1.2.2; SAppx25; AFI 36-2502 ¶ 10.1.15.3; Appx24; *see also Decision*, at 558–59. But those documents also confirm that mere eligibility does not create a clear-cut legal entitlement to any promotion, as promotion decisions even as to eligible candidates are discretionary. For example, AFI 36-2502 and ANGI 36-2502 both state that "[t]he fact a member meets each of the eligibility criteria outlined in this instruction does not automatically guarantee promotion to the next higher grade. Meeting minimum eligibility criteria only indicates that a member can be considered eligible for promotion." AFI 36-2502 ¶ 10.1.1.1; Appx22; ANGI 36-2502 ¶ 1.4.1 (same); Appx30.

Accordingly, even if the Air National Guard had eliminated Ms. Conti's overgrade status, as Ms. Conti asserts it was required to do, and even if no other factors rendered Ms. Conti ineligible for promotion during the relevant period, all that could be inferred is that Ms. Conti might have been "considered for promotion . . . earlier." *Smith*, 384 F.3d at 1295. And even then, the directives and instructions that Ms. Conti cites clarify that the decision to promote, or not, would have been discretionary, not mandatory. We have previously rejected the argument that, in such circumstances, a claimant "enjoy[s] a clear-cut legal right to promotion." *Id.* Applying the same reasoning, we conclude that Ms. Conti's complaint does not

establish a clear-cut legal right to a promotion, and we affirm the Claims Court's dismissal of that complaint.

### III

We have considered Ms. Conti's other arguments and find them unpersuasive. For the foregoing reasons, we affirm the Claims Court's dismissal of Ms. Conti's complaint for failure to state a claim.

The parties shall bear their own costs.

**AFFIRMED**